UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY M. CHANEY,                )
                                  )
         Plaintiff,               )      Case No. 1:06-cv-493
                                  )
v.                                )      Honorable Robert Holmes Bell
                                  )
MAHLE VALVE TRAIN,                )
                                  )      **MEMORANDUM OPINION**
         Defendant.               )
_____)

This is a civil rights action brought by a former employee of Mahle Valve Train, alleging violations of Title VII of the Civil Rights Act of 1964 and a violation of the Equal Pay Act of 1963. Plaintiff's *pro se* complaint alleges Title VII claims of race discrimination arising from defendant's enforcement of an unwritten nepotism policy pursuant to which plaintiff was not allowed to supervise his girlfriend. Plaintiff asserts that enforcement of the unwritten policy was based on plaintiff's race. He also alleges that he was demoted from shift supervisor to part sorter and then terminated in retaliation of his filing of a charge of discrimination. The Equal Pay Act claim arises from the reduction of plaintiff's pay from $21.01 an hour as a shift supervisor to $7.50 an hour as a part sorter.

Five days after the Rule 16 scheduling conference, defendant filed a motion to dismiss the Equal Pay Act claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (docket # 18). In the same motion, plaintiff sought summary judgment on all Title VII claims, submitting affidavits and employment documents spanning a three-year period. In

response, plaintiff filed his own motion for summary judgment. (docket # 27). For the reasons set forth below, defendant's Rule 12(b)(6) motion to dismiss the Equal Pay Act claim will be granted, but the court finds that, at present, both motions for summary judgment are premature and out of order. The motions for summary judgment will be dismissed without prejudice.

**1.**

Defendant has moved to dismiss plaintiff's claim under the Equal Pay Act of 1963, 29 U.S.C. § 206(d). The Equal Pay Act prohibits certain employers from discriminating in pay on account of sex. The essence of an Equal Pay Act claim is that plaintiff performed a job that required substantially equal skill and effort, but was paid less than similarly situated employees of the opposite sex. *See Corning Glassworks v. Brennan*, 417 U.S. 188, 195 (1974); *Balmer v. HCA, Inc.*, 423 F.3d 606, 611-12 (6th Cir. 2005); *see also Ambrose v. Summit Polymers, Inc.*, 172 F. App'x 103, 105 (6th Cir. 2006). The basis of plaintiff's Equal Pay Act claim arises from his demotion from shift supervisor to part sorter and the concomitant lowering of his pay from $21.01 to $7.50 per hour. The complaint is devoid of any allegation, or even a hint, that women performing the same work were given a higher wage. The Equal Pay Act is not a general purpose vehicle for expressing discontent with one's wages. The gravamen of the claim must be sex-based discrimination, an element that is completely lacking in the present case.

The court concludes that the facts in plaintiff's well-pleaded complaint, accepted as true for purposes of defendant's motion, fail to state a claim upon which relief can be granted under the Equal Pay Act. The Equal Pay Act claim will therefore be dismissed.

**2.**

Both parties have moved for summary judgment. Defendant did so first, within a week of the Rule 16 conference, without conducting any discovery or allowing plaintiff to do so. Indeed, under the case management order (docket # 17), initial Rule 26(a)(1) disclosures by defendant are not even due until December 5, 2006, and discovery does not close until March 31, 2007.

Rule 56(b) allows a defendant to file a motion for summary judgment at any time. A determination of when to consider such a motion, however, lies within the court's discretion. *See Elvis Presley Ent., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 893 (6th Cir. 1991). The courts generally hold that summary judgment should not be granted unless the nonmoving party has had a reasonable opportunity to discover information essential to opposition. *Id.*; *see Jefferson v. Chattanooga Publ'g Co.*, 375 F.3d 461, 463 (6th Cir. 2004) ("Rule 56(b) allows a defendant to file the motion at any time, so long as the non-moving party has had a sufficient time to engage in discovery."). The Sixth Circuit has held that a district court abuses its discretion in granting summary judgment where the opposing party has had no opportunity for discovery. *See McKinley v. City of Mansfield*, 404 F.3d 418, 443 (6th Cir. 2005). Indeed, the landmark Supreme Court decision, which imposes upon the nonmoving party the burden of coming forward with evidence, conditions that burden on a finding that there has been "adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The foregoing cases do not require that, in every instance, the court delay deciding motions for summary judgment until the close of discovery.[1]  In some circumstances, a motion for summary judgment turns on a discrete factual issue that is beyond contest.  For example, some motions based on the running of the statute of limitations or the preclusive effect of a previous judgment can be decided early in the case, without the need for any discovery.  In other circumstances, the dispositive issues are narrow and require only limited inquiry into the facts.  This case, however, does not present such straightforward circumstances.  Defendant's motion for summary judgment is a full-blown challenge to plaintiff's Title VII claim and is based on the assertion that plaintiff cannot prove by a preponderance of the evidence the ultimate question of an intent to discriminate under the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  In support of this assertion, defendant provides the court with affidavits and numerous documents spanning three years of employment and comprehending a number of discrete events.  To decide this matter on the basis of a "trial by affidavit" directed to the ultimate factual issue in the case, without affording plaintiff even a modicum of discovery, would be an abuse of discretion.

The same features militate against consideration of plaintiff's cross motion for summary judgment at this point.  A plaintiff seeking summary judgment in his favor bears an even heavier burden of persuading the court that no reasonable trier of fact could ever rule in favor of the nonmoving party.  *See Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County*

---

[1] *See Barnes v. Wright*, 449 F.3d 709, 715 (6th Cir. 2006) ("'[I]n the absence of a sufficient [Rule 56(f)] affidavit, there is no justification for the district court's determination that a motion for summary judgment would be premature until the close of discovery.'") (quoting *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004)); *see Jefferson*, 375 F.3d at 463.

*Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001); *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Plaintiff's presentation to the court falls far below this standard.

For the foregoing reasons, the cross-motions for summary judgment will be dismissed, without prejudice to the ability of either party to file an appropriate motion after a reasonable opportunity for discovery.

**3.**

Also pending before the court is a request by plaintiff to submit this matter to alternative dispute resolution and for "permission to go public with this case." (docket # 26). To the extent that plaintiff's motion is intelligible, the court determines that plaintiff is not entitled to relief. The court's alternative dispute resolution (ADR) program is essentially voluntary. At the time of the case management conference, plaintiff did not ask for submission of this case to ADR. The case management order (docket # 17) therefore directed the parties to advise the court if they wish to participate in any particular ADR method. Rather than discussing the matter with defense counsel, plaintiff filed a motion. If he is serious about attempting to settle his case, he should follow the case management order and speak to defense counsel. If the parties can agree on an ADR method, they should so inform the court, and that method will be implemented. Finally, in a free country, no party needs the court's permission to "go public" about any lawsuit.

**Conclusion**

Defendant's motion to dismiss the Equal Pay Act claim will be granted, but the remaining motion for summary judgment (docket # 18) will be dismissed without prejudice, as will

plaintiff's cross motion for summary judgment (docket # 27). Plaintiff's motion to order the case into alternative dispute resolution (docket # 26) will be denied.


Date:   November 8, 2006                     /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     CHIEF UNITED STATES DISTRICT JUDGE